UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. 12-CR-20839-LENARD/ELFENBEIN

**UNITED STATES OF AMERICA**,

v.

**ANTHONY IACONO**,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON SUPERVISED RELEASE VIOLATION

**THIS MATTER** came before the Court for a revocation hearing on May 17, 2024, upon a Petition for Warrant or Summons for Offender Under Supervision (the "Petition"), ECF No. [93], as to Defendant, Anthony Iacono ("Defendant").[1]

### RELEVANT BACKGROUND

Defendant was convicted on July 22, 2013, of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and possession of a firearm in furtherance of a crime, in violation of 18 U.S.C. § 924(c)(1)(a)(iii). ECF No. [74]. He commenced supervision on March 8, 2024, and was scheduled to terminate supervision on March 7, 2029.

On April 1, 2024, the Court modified Defendant's conditions to include a requirement that the Defendant reside at and participate in a residential re-entry center due to his homelessness and recent marijuana drug use. ECF No. [92]. Thereafter, the Probation Officer

---

[1] This matter was referred to the undersigned by the Honorable Beth Bloom, United States District Court Judge, to take all necessary and proper action as required by law with respect to the Petition and Order for Warrant as to Defendant, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida. ECF No. [103].

notified the Court of further instances of noncompliance. ECF No. [93]. On April 11, 2024, the Court issued a warrant for Defendant based on a Petition from the United States Probation Office, alleging that Defendant violated the requirements of supervised release. *Id.*

On April 22, 2024, Defendant appeared before the Court for his initial appearance on the Petition, and the Federal Public Defender was appointed to represent him. ECF No. [96]. Following a detention and probable cause hearing, the Court ordered the Defendant detained as a risk of flight and danger to the community. ECF No. [99]. The undersigned conducted the revocation hearing on May 17, 2024. ECF No. [104].

The violations alleged in the Petition are as follows:

1. **Violation of Mandatory Condition,** by failing to refrain from violation of the law. On or about March 31, 2024, in Miami-Dade County, Florida, the defendant did commit Possession of a Controlled Substance, contrary to Title 21 U.S.C. § 844.

2. **Violation of Mandatory Condition,** by refusing to admit to drug testing. On April 1, 2024, the defendant failed to submit to drug testing as instructed.

3. **Violation of Mandatory Condition,** by unlawfully possessing or using a controlled substance. On April 2, 2024, the defendant submitted a urine specimen which tested positive for the presence of cocaine in our local laboratory, and subsequently was confirmed positive by Alere Toxicology, Incorporated.

4. **Violation of Mandatory Condition**, by refusing to submit to drug testing. On April 8, 2024, the defendant failed to submit to drug testing as instructed.

5. **Violation of Mandatory Condition,** by failing to refrain from violation of the law. On or about March 31, 2024, and April 5, and 6, 2024, in Miami-Dade County, Florida, the defendant did commit Felon in Possession of a Firearm, contrary to Title 18 U.S.C. § 922(g).

6. **Violation of Special Condition,** by failing to participate in an approved substance abuse treatment program. On or about April 2, 2024, at 1:30 p.m., the defendant failed to attend his scheduled appointment with Compass Health Systems and to date, has not

      satisfactorily participated in treatment as directed by the Court and monitored by the U.S. Probation Officer.

7. **<u>Violation of Special Condition,</u>** by failing to participate in an approved substance abuse treatment program. On or about April 5, 2024, at 2:30 p.m., the defendant failed to attend his scheduled appointment with Compass Health Systems and to date, has not satisfactorily participated in treatment as directed by the Court and monitored by the U.S. Probation Officer.

ECF No. [93] at 2-3.

## REVOCATION HEARING

All parties, including counsel for the United States, United States Probation Officer Maylin Perez, Defendant, and Defendant's counsel, appeared at the hearing prepared to proceed. At the start of the hearing, Defendant indicated his intention to admit to all violations as alleged in the Petition.

The undersigned placed Defendant under oath and questioned him, following which the undersigned determined that Defendant is fully competent and capable of making an informed decision and that his admission to the violations in the Petition is knowing and voluntary. The undersigned advised Defendant the maximum penalty the District Judge may impose, pursuant to 18 U.S.C. § 3583(e)(3), is a term of up to three years' imprisonment, followed by supervised release of up to five years, as set forth in 18 U.S.C. § 3583(b)(2).[2] Defendant acknowledged that he understands the maximum penalties. Accordingly, based on the representations on the record from Defendant, Defendant's counsel, the Government, and the United States Probation Officer, and having had the opportunity to observe and hear directly from Defendant, the undersigned recommends that the Court set the matter for a final

---

[2] This was based upon information the Probation Officer provided at the hearing. The Probation Officer later contacted the undersigned's chambers to explain there was an error and the maximum penalty for the violations are a term of up to five years' imprisonment, followed by supervised release of up to five years.

hearing and accept Defendant's admission of guilt as to the seven violations as charged in the Petition, ECF No. [93].

During the hearing, the Government and counsel for the Defendant informed the undersigned that they intend to make a joint recommendation at the final hearing consisting of one additional month of incarceration followed by six months in a residential re-entry center followed by 54 months of supervised release. They will further recommend that all previously imposed conditions of supervised release, as ordered on July 22, 2013, continue to apply with an additional special condition that the Defendant participate in an approved inpatient/outpatient mental health treatment program. Probation joins in all the foregoing recommendations with the exception that Probation recommends a longer term of incarceration, that is a term of six months total incarceration.

The parties will have fourteen days from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida on May 17, 2024.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

Copies to:
Hon. Beth Bloom, U.S. District Judge
Hon. Joan A. Lenard, U.S. District Judge
Counsel of Record